## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**BILL PAUL MARQUARDT,**

      **Petitioner,**

**v.**                                              **Case No: 5:16-cv-590-Oc-10PRL**

**SECRETARY, FLORIDA**
**DEPARTMENT OF CORRECTIONS**
**and FLORIDA ATTORNEY GENERAL**

      **Respondents.**

_____

## ORDER

On September 27, 2016, Petitioner, a prisoner of the Florida penal system who is under a sentence of death, filed a *pro se* petition for writ of habeas corpus in this court, in which he attacks a state court judgment of conviction for first degree murder and burglary.   (Doc. 1).   Although Petitioner seeks leave to proceed *pro se* (with the appointment of stand by counsel in case he needs help with legal research), the Court has been advised that he has been represented continuously since May of 2015 by the Office of Capital Collateral Regional Counsel – Middle Region (CCRC-M).   (Doc. 23).

Indeed, on December 15, 2016, Maria DeLiberato, Esq., Julissa Fontan, Esq, and Chelsea Enright, Esq. filed notices of appearance on behalf of Petitioner in this Court.   (Docs. 24, 25, 26). Counsel advise that they currently represent Petitioner in state court and are statutorily authorized to represent him in federal court.   *See* Fla. Stat. 27.702(1) ("The capital collateral regional counsel shall represent each person convicted and sentenced to death in this state for the sole purpose of instituting and prosecuting collateral actions challenging the legality of the judgment and sentence

imposed against such person in the state courts, federal courts in this state, the United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court.")

On September 21, 2016, counsel filed in state court a motion on behalf of Petitioner to vacate judgments of convictions and sentences pursuant to Florida Rule of Criminal Procedure 3.851, as well as a motion for determination of competency.  (Docs. 23-1, 23-2).  Counsel represents that the state circuit court has agreed to appoint three doctors to determine competency and the evaluations are expected to take place in early 2017.  The state circuit court does not intend to proceed on Petitioner's 3.850 motion until the competency issue is resolved.  Counsel also states that Petitioner has numerous meritorious post-conviction claims that were not included in his limited *pro se* petition and which remain unexhausted in state court.   Accordingly, counsel requests that this Court hold the Petitioner's *pro se* petition in abeyance at this time.   They specifically ask that the Court not dismiss the *pro se* petition in order to protect Petitioner's due process rights to federal habeas review.

Under these circumstances, counsel's motion to hold Petitioner's *pro se* petition in abeyance (Doc. 23) is due to be **GRANTED**.  Counsel shall file a status report on or before **January 31, 2017** advising the Court of the state court proceedings and whether this case should continue to be held in abeyance.

Moreover, Petitioner's motions to fire his court-appointed counsel and to represent himself with the appointment of standby counsel (Docs. 10 & 21) are due to be **DENIED**.   As another Court in this District explained:

> The Supreme Court has held that the right to self-representation only extends to trial, and not direct appeal. *Martinez v. Court of Appeal of California, Fourth Appellate Dist*., 528 U.S. 152, 163 (2000).   The Supreme Court explained that in the appellate context, the balance between the government's interest in the integrity and efficiency of the proceedings and the defendant's interest in self-representation shifts in the government's

favor. *Id*. at 162.   That is because once the defendant has been convicted, the presumption of the defendant's innocence reverses to a presumption of guilt, and the petitioner is no longer seeking "to fend off the efforts of the State's prosecutor but rather to overturn a finding of guilt made by a judge or a jury below." *Id*. at 162-63 (*quoting Ross v. Moffitt*, 417 U.S. 600, 610 (1974)).

By that same logic, the right to self-representation recognized in *Faretta* does not extend to a federal habeas proceeding such as this one.   Petitioner is no longer seeking to fend off the efforts of the State's prosecutor, but to overturn his conviction and death sentence.   Petitioner's appointed lawyer, Ms. McDermott, is an experienced post-conviction attorney; permitting Petitioner to proceed *pro se* with a capital habeas case will not promote the integrity and efficiency of these proceedings. Accordingly, this motion is due to be denied.

*McCoy v. Sec'y, Florida Dep't of Corr.*, No. 3:13-cv-706-J-32JRK, 2015 WL 3465780, at *1 (M.D. Fla. June 1, 2015), appeal dismissed (Aug. 26, 2015).

Here, Plaintiff's counsel are experienced post-conviction attorneys and this Court has no factual basis to believe that there are any conflicts or deficiencies in their representation. Accordingly, allowing Petitioner to proceed *pro se* will not promote the integrity and efficiency of these federal habeas proceedings.

**DONE** and **ORDERED** in Ocala, Florida on December 20, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties